MITCHEL A. DAVIS *v.* ANNA HEBERT

ANNA HEBERT *v.* YOLANDA DAVIS
(AC 28310)

DiPentima, Gruendel and Borden, Js.

Argued October 22, 2007—officially released February 12, 2008

*Jenna N. Sternberg*, for the appellant (defendant in the first case, plaintiff in the second case).

*William J. O'Sullivan*, for the appellees (plaintiff in the first case and defendant in the second case).

*Opinion*

GRUENDEL, J. Anna Hebert, the defendant in the first case and the plaintiff in the second case (hereinafter the plaintiff), appeals from the judgment of the trial court rendered following the granting of the motion by Yolanda Davis, the defendant in the second case, and Mitchel A. Davis, the plaintiff in the first case, (hereinafter the defendants) to restore consolidated cases to the docket and to compel settlement. She claims that the court improperly made a finding of mutual mistake sufficient to restore the withdrawn consolidated cases to the docket.[1] We reverse the judgment of the trial court.

---

[1] The plaintiff also claims that the court improperly enforced the parties' settlement agreement and ordered the eviction of the plaintiff. We need not address these issues in light of the plaintiff's principal claim.

In addition, the plaintiff claims that the court lacked authority to hear the motion to restore the cases to the docket and compel settlement because

The following facts are relevant to the plaintiff's appeal. The plaintiff owned a home in Enfield. At some point, the plaintiff transferred the home by quitclaim deed to her daughter, Yolanda Davis, and subsequently moved into an apartment in Manchester then owned by Yolanda Davis' husband, Mitchel Davis. In April, 2005, Mitchel Davis filed an eviction action against the plaintiff for failure to pay rent. In response, the plaintiff filed an answer to the eviction complaint and filed a separate action against her daughter for the return of the Enfield home to the plaintiff. Yolanda Davis filed a response with special defenses as well as a counterclaim to this action.

On August 10, 2005, the court granted a motion to consolidate the two cases. Prior to the commencement of the trial, the parties entered into a settlement agreement, and all parties filed withdrawals of their actions.[2] The settlement agreement provided, inter alia, that Yolanda Davis would quitclaim her interest in the Enfield property to the plaintiff so that the plaintiff could reestablish it as her home. It also provided that the plaintiff would file a petition in bankruptcy so as to avoid as much debt as possible against the Enfield property. Furthermore, it provided that "[u]pon obtaining a final nonappealable order avoiding all possible judgment liens against the Enfield property, which

the motion was filed by facsimile and appeared not to have included the proper filing fee. We decline to review this claim, as it was briefed inadequately. See *Rosier* v. *Rosier*, 103 Conn. App. 338, 340 n.1, 928 A.2d 1228 ("We are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [A]ssignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court. . . . Where the parties cite no law and provide no analysis of their claims, we do not review such claims." [Internal quotation marks omitted.]), cert. denied, 284 Conn. 932, 934 A.2d 247 (2007).

[2] The settlement agreement was not given to the court at the time the parties stipulated that the cases had been settled.

date is anticipated by the parties to be on or about ninety (90) days after [the plaintiff] receives her discharge in bankruptcy, [the plaintiff] will thereupon without protest, objection or delay, vacate the Enfield property. [The defendants] will also immediately thereupon take all necessary and appropriate steps to sell the Enfield [p]roperty."

Approximately nine months after the settlement agreement was entered into and the actions were withdrawn, the defendants received a letter from the plaintiff indicating that she was not interested in selling her Enfield home or moving. In response, the defendants moved the court to compel the settlement agreement. The plaintiff objected to the motion to compel, as the actions were withdrawn and the court no longer had jurisdiction over the parties absent a motion to restore the consolidated cases to the docket. In response to the plaintiff's objection, the defendants filed a motion to restore the cases to the docket and then filed a supplemental motion to restore the cases to the docket and to compel the settlement agreement. The plaintiff filed an objection to the defendants' motions, arguing that the motion to restore the cases to the docket was untimely, as it was filed after the four month limitation set forth in General Statutes § 52-212a.[3] The motions were heard and a decision rendered in which the court found that, although the motions were filed after the four month limitation, the parties had operated under a mutual mistake regarding the timing of resolving the lien issue through bankruptcy. As mutual mistake is an exception to the four month limitation, the court restored the consolidated cases to the docket and compelled the settlement agreement. This appeal followed.

[3] General Statutes § 52-212a provides in relevant part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. . . ."

It is well established that "[a] judgment rendered may be opened after the four month limitation [set forth in General Statutes § 52-212a and Practice Book § 17-43] if it is shown that the judgment was obtained by fraud, in the absence of actual consent, or because of mutual mistake." (Internal quotation marks omitted.) *Richards* v. *Richards*, 78 Conn. App. 734, 739, 829 A.2d 60, cert. denied, 266 Conn. 922, 835 A.2d 473 (2003). This court has concluded that withdrawals are analogous to final judgments. See *Sicaras* v. *Hartford*, 44 Conn. App. 771, 775–79, 692 A.2d 1290, cert. denied, 241 Conn. 916, 696 A.2d 340 (1997). As such, § 52-212a and its exceptions for fraud, lack of actual consent and mutual mistake apply to restoring cases to the docket as well as to opening final judgments. See id., 778.

In the present case, the defendants filed their motion to restore the consolidated cases to the docket after the four month limitation provided in § 52-212a. The defendants argued that, although they filed their motion outside of the four month limitation period, their motion fit within the mutual mistake exception. The court found that the parties were mutually mistaken regarding the timing for the bankruptcy process to resolve the lien issue in the parties' settlement agreement. On the basis of this finding of mutual mistake, the court restored the cases to the docket and compelled the settlement agreement.

"The question of whether a case should be restored to the docket is one of judicial discretion." Id., 779. "A court's determinations as to . . . whether there has been a mutual mistake are findings of fact that we will not disturb unless they are clearly erroneous." (Internal quotation marks omitted.) *Terry* v. *Terry*, 102 Conn. App. 215, 223, 925 A.2d 375, cert. denied, 284 Conn. 911, 931 A.2d 934 (2007). "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to

support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Doody* v. *Doody*, 99 Conn. App. 512, 517, 914 A.2d 1058 (2007).

"A mutual mistake is one that is common to both parties and effects a result that neither intended." *Inland Wetlands & Watercourses Agency* v. *Landmark Investment Group, Inc.*, 218 Conn. 703, 708, 590 A.2d 968 (1991). "[A] unilateral mistake will not be sufficient to [restore the cases to the docket]." (Internal quotation marks omitted.) *Richards* v. *Richards*, supra, 78 Conn. App. 740. In the present case, the court determined that the "parties underestimated the time it would take to resolve the lien issue through bankruptcy to allow for the intended sale of the property. This error with respect to the legal consequences arose from ignorance, surprise, imposition or misplaced confidence." The court made this determination based solely on the settlement agreement. An evidentiary hearing was never held.[4] We conclude that, given the evidence before the court, the finding of mutual mistake was clearly erroneous.

The question before the court, as raised by the defendants in their motion to restore the cases to the docket, was whether both parties were under the mistaken belief that receiving a final, nonappealable order avoiding all possible judgment liens would take no longer than four months from the execution of the settlement agreement. The court concluded that both parties were mistaken about the time it would take to

[4] Following oral argument, the parties were asked to file with this court supplemental briefs on the issue of whether the trial court constitutionally was required to hold an evidentiary hearing prior to determining that a mutual mistake existed. A review of the transcript reveals that any due process right the plaintiff may have had to an evidentiary hearing was waived by the plaintiff.

resolve the lien issue because it was not resolved within four months from the time the settlement agreement was entered into but, rather, was resolved on or after July 21, 2006. In other words, the court assumed that both parties intended that the process would take no longer than four months from the execution of the settlement agreement in order to conclude that this intention of the parties was mistaken. There was no evidence before the court to support its conclusion that both parties intended that the entire process would take no longer than four months to be completed. Although the defendants may have been operating based upon this mistaken belief, a unilateral mistake is not sufficient to restore the cases to the docket. See *Richards* v. *Richards*, supra 78 Conn. App. 740. The only timetable contemplated by both parties was how soon after the bankruptcy process a final, nonappealable order resolving all liens would be received by the plaintiff. The anticipated time frame would be ninety days from the bankruptcy discharge. This timetable did not include filing for a discharge in bankruptcy and receiving that discharge. Because there is no evidence in the record tending to show that both parties intended that the entire process would take no longer than four months from the execution of the settlement agreement, the court's finding that the parties were mutually mistaken about this intention is clearly erroneous.

The judgment is reversed and the case is remanded with direction to deny the defendants' motion to restore the consolidated cases to the docket and to compel settlement.

In this opinion the other judges concurred.